## RIGDON v. SOUTHWESTERN TRANS-PORTATION CO.

### No. 5597.

Court of Appeal of Louisiana. Second Circuit.

Jan. 28, 1938.

Rehearing Denied March 8, 1938.

Writ of Certiorari and Review Denied May 2, 1938.

James A. Van Hook, of Shreveport, for appellant.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellee.

DREW, Judge.

Plaintiff, Orie R. Rigdon, instituted this suit against the defendant, Southwestern Transportation Company, under the provisions of the Workmen's Compensation Law of the state of Louisiana, to recover compensation for total and permanent disability, for a period of 400 weeks at the rate of $17.06 per week.

On September 20, 1936, plaintiff was employed temporarily by the defendant for extra work, and he alleges in his petition that on September 23, 1936, four days from the time of his employment, he wrenched and strained his back while in the act of loading a tire on the truck of defendant at the 707 Tire Company, in the city of Shreveport.

This is the third compensation suit brought by plaintiff within a period of less than one year for injuries to his back, and defendant in its answer not only denied the accident and injury alleged, but filed a plea of estoppel based on averments made by plaintiff at the time of his prior claims and the settlements obtained by him in connection with same.

After a trial, the lower court rejected plaintiff's demands, and, without applying for a rehearing in that tribunal, he has appealed to this court.

Plaintiff testified that on September 23, 1936, while in defendant's employ, he was engaged in loading a lot of automobile tires onto a truck, said tires weighing from 40 to 96 pounds; that he would raise the tire to his knee and with the help of his knee boost it into the truck, the body of which was about 3½ feet above the ground; that he had loaded 25 of said tires and was in the act of placing the twenty-sixth one, when he had a catch in his back. He put the tire back on the ground and assumed a position indicating pain. His fellow employee, who was stacking the tires in the truck, asked him what was the matter, and he replied that he had hurt his back—or words meaning the same. His foreman, who was present, got him a Coca-Cola and had him sit down. Soon thereafter he was taken on the truck to the sanitarium where he was examined and treated, and later was sent to Texarkana, where the main hospital of defendant is located.

This claim for compensation, based on injuries to the back, is the third such claim made by this plaintiff within a period of twelve months. On December 25, 1936, he was employed by the Louisiana Highway Commission, and on December 31st (six days later), plaintiff claimed to have sprained his back and hip region while operating a dump lever on a gravel truck. The Highway Commission paid him compensation at the rate of 65 per cent. of his weekly wage

for a period of sixteen weeks, and then, by a lump sum settlement, approved by the court in Morehouse parish, paid him the amount of $500. This lump sum settlement was perfected on June 13, 1936.

On July 12, 1936, plaintiff was employed by the Panhandle Carbon Company, Inc., at Borger, Tex., and on July 16, 1936 (four days later), claimed to have strained his back. On August 5th following, he entered an agreement of compromise and settlement with his employer and was paid $150. He employed a lawyer in each case on the day after the alleged accidents, and in the last case claimed compensation for a period of 401 weeks, under the Texas law, Vernon's Ann.Civ.St. art. 8306 et seq.

On September 20, 1936, plaintiff was employed by the defendant herein and on September 23d, just four days later, he claims to have received the back injuries for which he is now suing. All three of the claimed back injuries occurred within a period of less than ten months; the first on December 31, 1935, and the last on September 23, 1936. The longest time he worked on any of the jobs before he claimed to have been injured was six days. All three claimed injuries were to his back in the region of the sacroiliac joint.

In making out his claim for compensation, alleged to have been caused by the accident of July 16, 1936, while in the employ of Panhandle Carbon Company, Inc., in a statement dated August 5, 1936, and signed by him, he said: "I have never had any kind of personal injury claim before, nor I have never had my back injured before this time; I have never been under a doctor's care at all in the last five or six years."

Plaintiff made this statement, notwithstanding the fact that he had, less than two months before, settled the claim for back injuries with the Louisiana Highway Commission. In answer to questions propounded by Dr. Swindell, of Amarillo, Tex., an examining physician in the same compensation claim and on the same date as the above-quoted statement, plaintiff said he had never been injured before, and that he had never lost any time from work as the result of an injury. The facts are that he had been laying off from work and drawing compensation for a period of four months or more just prior to this time.

During the pendency of the claim plaintiff made in Texas, he studiously avoided letting it be known that his back was injured or that he claimed it was on December 31, 1935, while in the employ of the Louisiana Highway Commission.

Soon after settling the claim in Texas, plaintiff came back to Louisiana and began his work for the defendant herein. After the alleged injury for which he is claiming compensation now, he was questioned by Dr. Payne, one of the examining physicians, as to prior back injuries, and plaintiff told him of the other Louisiana claim against the Highway Commission, but did not tell him of the Texas claim. He also told defendant's claim adjuster, Mr. L. P. Kraft, that he had never had any compensation claim except the one against the Louisiana Highway Commission. While in Texas, he omitted telling of the former Louisiana claim and when back in Louisiana, he carefully avoided mentioning the former claim in Texas.

Plaintiff's untruthfulness is not limited to the statements made to the doctors and others out of court, but while on the stand in this case, and under oath, he testified in answer to a question propounded by defense counsel that he had not discussed the case with his attorney during the noon recess, and his attorney was forced to bring out the fact that a conference between them had been held at the noon hour.

We cite the above instances of plaintiff's utter disregard for the truth for the reason that his veracity is an important matter in deciding whether or not he was injured as claimed. Whether he had a catch in his back while lifting the twenty-sixth tire is something that cannot be proved by anyone but plaintiff. It was an easy matter to feign or pretend the condition of his back was such that, if plaintiff pretended it pained him, it would be difficult to disprove, if his testimony could be taken as true. We cannot give any weight to his testimony. There were two reputable medical men who corroborated plaintiff as to the injuries to his back at the time claimed by him. However, numerous other reputable medical men are as positive that plaintiff's back was not injured by anything he did or any accident on September 23, 1936. There were sixteen doctors who testified in the case, including several radiologists. To attempt to narrate the testimony of each would be useless and most burdensome. It suffices to say that the X-ray pictures taken during the pendency of the first, second, and third claims all show the same thing. From the standpoint of the X-ray, there is no difference in the condition of plaintiff's back

from the time the first X-ray was made until the last was taken.

It is conclusively shown that plaintiff has had for a number of years embedded tonsils which are badly infected, and that his teeth are also infected; that one or the other, or both, have caused chronic hypertropic arthritis of the lumbar spine, involving many of the lumbar vertebrae, and a slight osteoarthritis of the sacroiliac joints. The X-rays failed to disclose any fractures, dislocations, or injuries to the bony structure of the back.

The medical testimony preponderates to the effect that the disability now suffered by plaintiff is caused by the old hypertropic arthritic condition, and was not caused by any accident or injury while he was in the employ of defendant. We think the evidence likewise shows that plaintiff's condition is such that he should not attempt to perform heavy labor; that in doing so, his back will become sore and will cause the arthritic condition to temporarily flare up; and that this acute condition, however, will soon subside and his chronic condition remain as before. This condition is due to arthritis and not to an accident.

The lower court so found, and rejected plaintiff's demands. We find no error in the judgment, and it is affirmed, with costs.